UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                                   609-858-9360
United States Bankruptcy Judge

August 29, 2019

Rose Suriano, Esq..
*Counsel for Plaintiffs S.P. Richards Company and Chapter 7 Trustee, Karen Bezner, Esq.*

Mitchell Malzberg, Esq.,
*Counsel for Defendant Sparken IT Solutions Pvt. Ltd.*

Graig P. Corveleyn, Esq.,
*Counsel for Defendants Reena Aggarwal, Zehra Properties, LLC, Creative SAAS, LLC, Dependable Office Products, Inc., Dependable Office Supplies, Inc., Midtown Office Supplies and Phazle Tsiamwala*

          Re:    Adv. Pro No.:18-01047, <u>S.P. Richards Company v. Arora, et al.</u>
                 Bankr. Case No.: 14-28073, <u>Suneet Arora and Janet Arora</u>

Dear Counsel,

      Presently before the Court is a Motion for Reconsideration (ECF No. 168) filed by Plaintiff S.P. Richards Company ("S.P. Richards").  The factual background and procedural history of this case are well known to the parties and will not be repeated in detail here.  In relevant part, S.P. Richards obtained a default judgment against Defendant Sparken IT Solutions Pvt. Ltd. ("Sparken") on February 26, 2019.  On May 3, 2019, Sparken filed a motion to vacate the default judgment and sought permission to file a responsive pleading.  The parties briefed the issue and the Court heard oral argument on July 1, 2019.  At the conclusion of that hearing, the Court vacated the default judgment and made certain other rulings with respect to attorneys' fees and discovery—which were memorialized in Orders dated July 3, 2019 (ECF No. 166) and July 10, 2019 (ECF No. 157) (collectively, the "July Orders").  S.P. Richards now files a motion seeking reconsideration of those Orders.

In its application, S.P. Richards requests that the Court reconsider three aspects of the July Orders. First, S.P. Richards asserts that the Court should not have vacated the entry of default and the default judgment. Next, S.P. Richards contends that the Court should have conditioned any vacatur of judgment on the immediate payment of S.P. Richards' legal fees. Finally, S.P. Richards contends that the Court should have compelled Sparken's representative to appear for deposition and to provide discovery. For the following reasons, this Court declines to reconsider its previous rulings and S.P. Richards' motion will be denied in its entirety.

I.   **Motion for Reconsideration of an Interlocutory Order**

Prior to addressing the merits of S.P. Richards' motion, the Court will briefly discuss the appropriate procedure and the applicable standard of review for a motion seeking reconsideration of an interlocutory order, like the one presently before this Court. As noted in Defendant Sparken's brief in opposition, the Federal Rules of Bankruptcy Procedure do not recognize a "motion for reconsideration." Such a motion is not mentioned in the Federal Rules of Civil Procedure, nor is it provided for in our Local Bankruptcy Rules. Nevertheless, as S.P. Richards points out, this Court has previously determined that it possesses the inherent power to reconsider its orders at any time before final judgment. *See In re Dots, LLC*, 562 B.R. 286, 291 (Bankr. D.N.J. 2017) (collecting cases and discussing bankruptcy court's authority to reconsider its interlocutory orders at any time when it is consonant with justice to do so); *see also In re Energy Future Holdings Corp.,* 904 F.3d 298 (3d Cir. 2018), *cert. denied sub nom. NextEra Energy, Inc. v. Elliott Assocs., L.P.*, 139 S. Ct. 1620, 203 L. Ed. 2d 898 (2019). Furthermore, litigants may seek relief from any order of the bankruptcy court under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60(b). Notably, while Rule 60(b) applies only to *final* orders or judgments in the district court, Congress distinguished Bankruptcy Rule 9024 from its federal counterpart and made it applicable to *all* orders of the bankruptcy court. *See* FED. R. BANKR. P. 9024 advisory committee notes ("For the purpose of this rule all orders of the bankruptcy court are subject to Rule 60."). Accordingly, the authority for a bankruptcy court to grant relief from an interlocutory order can stem from both its inherent powers and Bankruptcy Rule 9024.

2

The Court notes that in its opposition to S.P. Richards' motion, Defendant Sparken recites the standard for a motion filed pursuant to Federal Rule of Civil Procedure 59(e), which is made applicable to the bankruptcy court under Federal Rule of Bankruptcy Procedure 9023. However, Rule 59 encompasses a Motion for a New Trial or to Alter or Amend a Judgment and "the rule only applies to final judgments, not interlocutory orders." *Zitter v. Petruccelli*, No. 15-6488, 2017 WL 1837850, at *2 (D.N.J. May 8, 2017). Here, the Court is tasked with reconsideration of an interlocutory order, thus, Rule 59(e) does not apply. Although Congress distinguished Bankruptcy Rule 9024 from its federal counterpart and made Bankruptcy Rule 9024 applicable to all orders of the bankruptcy court, it did not similarly distinguish Bankruptcy Rule 9023 from its federal counterpart Rule 59. Instead, Bankruptcy Rule 9023 merely incorporates Federal Rule 59 and, thus, it serves only as a mechanism to seek a new trial or amendment of a *final* judgment in bankruptcy cases—and is inapplicable in the instant case.

The Court engages in this discussion not to chastise the parties for any failure to understand completely the nuanced procedural and substantive differences between motions seeking reconsideration filed under Rule 60(b), Rule 59(e), or any other basis. They are complicated and confusing, and both litigants and courts often misapply the various rules and standards associated with these types of motions and sometimes misuse the term "reconsideration" altogether. Indeed, the cases cited by Defendant Sparken simultaneously acknowledge that Rule 59(e) governs motions to alter or amend final orders and observe that bankruptcy courts routinely apply the standards governing Rule 59(e) motions to motions to alter or amend interlocutory orders. *See, e.g.*, *Calyon New York Branch v. Am. Home Mortg. Corp.,* 383 B.R. 585, 589 (Bankr. D. Del. 2008); *In re Pac. Forest Prod. Corp.,* 335 B.R. 910, 917 (S.D. Fla. 2005). This should not be so.

Not all motions bearing the label "reconsideration" can be treated the same. It is incumbent upon litigants and courts to identify the proper basis for a motion that seeks "reconsideration." The appropriate basis will depend on upon a number of factors such as the relief sought, the nature of the order being reconsidered, the court in which the motion was filed, and the existence of applicable local rules. *See* D.N.J. L.Civ.R. 7.1(i); *compare* FED. R. BANKR. P. 9024 *with* FED. R. CIV. P. 60(b); *see also United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (observing that

"[a]lthough motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose."). After the appropriate basis for a motion is identified, that authority will then determine the procedural and substantive treatment of the motion going forward. The various bases for reconsideration motions may invoke different time deadlines in which a litigant must file (*compare* FED. R. BANKR. P. 9024 with FED. R. BANKR. P. 9023), different page limits, (*compare* FED. R. BANKR. P. 9023 & 9024 with D.N.J. L.Civ.R. 7.1(i)), different grounds for relief (*compare* FED. R. CIV. P. 59(e) *with* FED. R. CIV. P. 60(b)), different standards of review, *see Fiorello*, 337 F.3d at 288, and may have unintended consequences on tolling the time to file an appeal, *see e.g. In re Pac. Forest Prod. Corp.,* 335 B.R. at 917 (discussing whether the filing of a motion for rehearing tolls the time for appealing the decision being reheard).

The point is that there are subtle, but distinct, differences between the various authorities under which a motion seeking reconsideration of a prior ruling can be heard, and these differences can have a significant impact on how the motion should be filed and decided. *See, e.g., Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) ("[W]e do not believe that the differences between Rules 60(b) and 59(e) are merely technical."). It is important to identify the proper basis for relief to ensure the procedural appropriateness of the motion, the proper standard of review, and the sanity of my law clerk.

In returning to the matter at hand, the Court reiterates that S.P. Richards' motion for reconsideration of an interlocutory order of the bankruptcy court can be rooted in either the Court's inherent powers or in Federal Bankruptcy Rule 9024. Thus, it is procedurally appropriate. However, S.P. Richards does not set forth any substantive reasons which warrant reconsideration of the July Orders and, therefore, the motion must be denied.

**II.    Standard of Review**

Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60(b), provides six enumerated bases for relief from any order of the bankruptcy court:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b); *see also Dominion Dev. Grp., LLC v. Beyerlein*, No. 17-3391, 2019 WL 2246547, at *2 n.13 (3d Cir. May 24, 2019).

Additionally, it is within the Court's inherent powers to reconsider its orders at any time before final judgment. *See State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (citing *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) ("[S]o long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.")); *see also* FED. R. CIV. P. 54(b). In the Third Circuit, this inherent power has been extended to the bankruptcy courts. *See., e.g., In re Anthanassious*, 418 F. App'x 91, 95–96 (3d Cir. 2011) (finding no abuse of discretion in bankruptcy court's decision granting motion to reconsider based on its inherent powers). Thus, it is within this Court's authority to reconsider a prior order, "when it is consonant with justice to do so." *Jerry*, 487 F.2d at 605; *see also Swietlowich v. Bucks Cty.*, 610 F.2d 1157, 1164 (3d Cir. 1979) ("[A] trial judge has the discretion to reconsider an issue and should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result."). This conclusion is consistent with 11 U.S.C. § 105(a) which grants this Court power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

The Third Circuit has held that a court's inherent authority to reconsider a prior ruling should be curtailed by two considerations—one procedural and one substantive. *See Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997); *see also Anthanassious*, 418 F. App'x at 95. These

considerations are rooted in the fact that courts generally disfavor revisiting issues that have already been decided; a practice which has been coined "the law of the case" doctrine. *See Messenger v. Anderson,* 225 U.S. 436, 444, 32 S. Ct. 739, 740, 56 L.Ed. 1152 (1912) (holding that the law of the case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided"). Nevertheless, it is well established that "the law of the case doctrine does *not* limit the power of trial judges to reconsider their prior decisions." *Williams*, 130 F.3d at 573 (emphasis added); *see also Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011); *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power.").

**III.    Analysis**

As an initial matter, S.P. Richards does not address any of the factors which warrant relief from a prior order under Rule 60(b). S.P. Richards does not suggest that there has been any mistake, excusable neglect or fraud under subsections (1) or (3). The e-mails referenced by S.P. Richards which allegedly show that Mr. Robinson shared all communications he received with Defendant Sparken do not constitute newly discovered evidence sufficient to warrant relief under subsection (2), and subsections (4) and (5) of Rule 60(b) are inapplicable to the present motion as they pertain to judgments. Arguably, this motion could fall under "catch-all" provision, subsection (6), which permits action for "any other reasons that justifies relief." It is under that provision, and with consideration to this Court's inherent powers, that S.P. Richards' motion will be analyzed.

**A.  Request to Reconsider Vacatur of Default Judgment**

In support of its application, S.P. Richards argues that "the Court did not apply the required standard" when it granted Sparken's motion to vacate the judgment. *S.P. Richards' Memorandum* at 7, ECF No. 168-1. However, S.P. Richards cites to the same standard of review for a motion to vacate as was cited in Sparken's initial application and in S.P. Richards' opposition to Sparken's initial motion. Thus, it is apparent that S.P. Richards does not take issue with the "required standard" that this Court applied. Rather, S.P. Richards' position is that "the Court erred by

vacating the default judgment," and its motion is simply a request for this Court to analyze the same set of facts under the same applicable standard and reach a different conclusion. *Id.* at 9. However, that is not the purpose of a motion for reconsideration. They are not to be used as an opportunity to relitigate the case or issue. *See, e.g., Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). The Court notes that much of the case law cited by S.P. Richards references an "abuse of discretion" standard. Such a standard is the standard of review on appeal. To the extent S.P. Richards believes this Court did, in fact, abuse its discretion, it may request permission to file an interlocutory appeal to the district court for review of this Court's determination.

With respect to the initial motion to vacate, this Court gave its findings on the record during the July 1 hearing and incorporated by reference the arguments of the parties. However, during the hearing on the instant motion for reconsideration, held on August 22, 2019, this Court conceded that the July 1 oral decision on the motion to vacate may not have articulated fully how the Court applied the relevant standards and reached its conclusion. The remainder of this Opinion will hopefully provide clarity to the parties and give greater insight as to how and why the Court made the determination to vacate the default judgment.

A court may "set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). If a motion to vacate is filed within one year of entry of the judgment, Rule 60(b)(1) permits a court to grant the motion if there had been "mistake, inadvertence, surprise, or excusable neglect" on the defendant's part. In addition, Rule 60(b)(6) provides a catchall for vacating a judgment without time limit for "any other reason that justifies relief. "[T]he decision to vacate a default judgment is left to the sound discretion of the trial court." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988); *see also Pieczenik v. Comm'r New Jersey Dep't of Envtl. Prot.*, 715 F. App'x 205, 209 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 1318, 200 L. Ed. 2d 473 (2018); *Mrs. Ressler's Food Prod. v. KZY Logistics LLC*, 675 F. App'x 136, 138 (3d Cir. 2017). In exercising its discretion, "a court must consider four factors when it determines whether to vacate a default judgment: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Mrs. Ressler's Food Prod.* 675 F.

7

App'x at 139–40 (internal quotations and citations omitted).[1]  Courts in this circuit must also consider the Third Circuit's preference for deciding disputes on their merits, and its general disfavor of default judgments. *See, e.g., In re Bressman*, 874 F.3d 142, 153 (3d Cir. 2017) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984)); *Mrs. Ressler's Food Prod.*, 675 F. App'x at 137; *Harad*, 839 F.2d at 982 (noting that the Third Circuit "has adopted a policy disfavoring default judgments and encouraging decisions on the merits").  The Court will discuss each of these factors in turn.

As an initial matter, the Court confirms its prior ruling that S.P. Richards would not be unduly prejudiced by vacatur of the default judgment.  In its opposition to the motion to vacate, S.P. Richards argued that it would suffer prejudice in the form of discovery issues and cited the difficulties it encountered in obtaining discovery from Sparken in the past as well as anticipated difficulties going forward if Sparken were allowed to participate in the case.  However, vacatur of the default judgment subjects Sparken to the jurisdiction of this Court.  To the extent S.P. Richards encounters any discovery issues going forward, it may seek relief from the Court.  Moreover, as stated during the hearing on the motion to vacate, the Court intends to be generous with S.P. Richards' discovery requests given the patently interrelated nature of the entities in this case.  Finally, the Court notes that S.P. Richards alleges that it is prejudiced because "Sparken's conduct has led to the destruction of evidence." *S.P. Richards' Memorandum* at 33, ECF No. 135-1.  This unsupported allegation is disputed by Sparken's counsel.  Nevertheless, if it is revealed in course of the discovery process that spoliation has occurred, S.P. Richards is able to seek sanctions from this Court.  Therefore, the prejudice to S.P. Richards resulting from vacatur of the default judgment, if any, is negligible.

---

[1] This Court observes that Third Circuit case law is inconsistent regarding the number of factors to be considered when determining whether to vacate a default judgment. *Compare Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) (using only the first three factors) *with Mrs. Ressler's Food Prod.*, 675 F. App'x at 139–40 (3d Cir. 2017) (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)) (including a fourth factor regarding the effectiveness of sanctions).  This inconsistency is irrelevant for purposes of the matter presently before the Court and ultimately has limited impact in other cases because this fourth factor is often subsumed in courts' analyses of the other three factors.

The second factor this Court considers in determining whether to vacate the default judgment was whether Sparken has a prima facie meritorious defense. As set forth in Sparken's motion to vacate, it raises no fewer than seven defenses, including challenges to the validity of service and jurisdiction. S.P. Richards' recently submitted Certification of Services suggests that these defenses have merit because S.P. Richards devoted considerable time to researching the validity of process issue and the Certification explicitly acknowledges that the jurisdictional issues required "intensive analysis." Furthermore, much of S.P. Richards' Complaint involves state law claims of successor liability and alter ego which Sparken disputes vigorously. New Jersey case law dictates that successor liability claims require a "fact-specific and equitable analysis." *Baker v. Nat'l State Bank*, 161 N.J. 220, 227, 736 A.2d 462, 466 (1999); *see also, e.g.*, *Verni ex rel. Burstein v. Harry M. Stevens, Inc.*, 387 N.J. Super. 160, 200, 903 A.2d 475, 498 (App. Div. 2006). Discovery in this case is in its early stages; therefore, the Court cannot say at this point that Sparken's defenses to the successor liability and alter ego claims are without merit. Accordingly, it appears that Sparken presents meritorious defenses and this factor weighs in favor of vacating the default judgment.

The third factor—whether the defaulting defendant's conduct is excusable or culpable—proves the most problematic for Sparken. "In considering a defendant's culpability, i.e., whether its conduct was excusable, courts apply the standard of 'willfulness' or 'bad faith.'" *Mrs. Ressler's Food Prod.*, 675 F. App'x at 142 (quotations and citation omitted). As discussed on the record, the circumstances of this case suggest that Sparken was aware of the pending litigation, but avoided participation based on the technicality that it had not been served properly, as well as the fact that Sparken's principal thought the matter had been dropped. Nevertheless, Sparken filed its motion to vacate only two months after the judgment had been entered. Moreover, it maintains that it was never properly served with process and, as previously discussed, S.P. Richards concedes that the process issue was complicated. Given the complexity of the process issue in this case, the Court, in its discretion, cannot determine that Sparken's failure to participate was in bad faith or sufficiently willful to warrant denial of the motion to vacate.

9

Finally, this Court contemplates the fourth factor—the effectiveness of alternative sanctions. As discussed during the hearing on the motion to vacate, this Court awarded attorneys' fees and costs in favor of S.P. Richards.

In weighing each of the aforementioned factors, and in considering both the Third Circuit's warning that "a default judgment is an extreme sanction" and its preference for a decision on the merits, this Court—in its discretion—granted Sparken's motion to vacate the default judgment. In the instant motion, S.P. Richards presents nothing which alters this Court's previous analysis, or which sets forth any basis for reconsideration of this Court's prior ruling.

### B. Request to Condition Payment of Fees on Vacatur of Judgment

As to the portion of S.P. Richards' motion which asserts that this Court should have conditioned vacatur of the judgment on immediate payment of fees, the Court must point out—as it did during the hearing—that at the time of the filing of the instant motion, the Court had not yet ruled on this issue. At the hearing on July 1, the Court awarded attorneys' fees in favor of S.P. Richards. The Court initially stated that these fees would be payable at the conclusion of the case. Counsel for S.P. Richards then made a request immediate payment of fees. In response to that request, the Court indicated that it would take S.P. Richards' argument into consideration. Neither of the July Orders set a timeline for payment of attorney fees or even the amount that must be paid. Rather, the July Orders simply awarded "reasonable legal fees" and directed counsel for S.P. Richards to submit a Certification of Services. Accordingly, at the time the instant Motion for Reconsideration was filed, no ruling as to fees existed which could be subject to reconsideration and S.P. Richards' motion for reconsideration is denied as moot.

Pursuant to the July Orders, S.P. Richards submitted a Certification of Services. Sparken filed an objection and a hearing date was set. For the reasons set forth on the record during the August 22, 2019 hearing, the Court reduced S.P. Richards' fee and directed Sparken to make payment within 30 days.

### C. Request to Compel Discovery

Finally, S.P. Richards argues that this Court should have compelled Sparken's representative to appear for a deposition and provide discovery. This argument is wholly without merit. S.P. Richards' anticipation that Sparken will not cooperate in the discovery process is not grounds for reconsideration. As stated on the record during the July 1 hearing, due to the nature of the allegations, this Court intends to afford significant latitude to S.P. Richards in terms of its discovery requests. The Court directed Sparken to cooperate and to provide the requested discovery and, indeed, Sparken's counsel indicated a willingness to participate. As stated during the July 1 hearing, to the extent Sparken does not adequately respond, and S.P. Richards is forced to resort to motion practice to compel discovery, this Court will award S.P. Richards immediate fees. S.P. Richards presents no information or argument in the present motion which warrants reconsideration of this ruling.

### IV. Conclusion

For the foregoing reasons, S.P. Richards has failed to demonstrate that relief from this Court's July Orders is warranted under Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b) or any other basis. Accordingly, the motion is denied in its entirety. The Court will enter an appropriate Order.

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Cc:   Filed on CM/ECF